### BILL HODGES v. THE STATE.

No. 20947. Delivered March 27, 1940.
On Appellant's Motion to Reinstate Appeal May 15, 1940.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling whisky in Brown County, which is alleged to be dry area; punishment assessed being a fine of two hundred dollars.

The appeal must be dismissed for a defective recognizance, wherein it is recited that appellant had been convicted of the "offense of selling liquor." Selling liquor is not an offense unless it be done in dry territory. There is no recital in the recognizance that appellant had been convicted of a misdemeanor as is set out in Article 831, C. C. P.

The same defect appears in this cause as in No. 20,946, I. B. Burns, Sr., v. State, opinion dismissing appeal of this date, (page 267 of this volume) and the appeal in the present cause is dismissed for the same reason.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

HAWKINS, Presiding Judge.

The appeal was heretofore dismissed on March 27, 1940, because of a defective recognizance. By supplemental transcript

it is shown that the defect has been remedied by a proper appeal bond. The appeal is therefore reinstated.

No statement of facts is in the record.

Appellant was charged with selling whisky in Brown County, which was alleged under proper averments to be "dry area." It was also alleged that appellant had theretofore been convicted of a similar offense.

The charge of the court conforms to facts provable under the State's pleadings, and in the absence of the facts we are in no position to appraise the objections to the Court's instructions.

The same is true with reference to some of the bills of exception brought forward. The bill which criticizes the complaint and information is not meritorious.

Bill number four reserves exception because the court did not quash the complaint and information, it apparently being the contention of appellant that it was necessary for the complaint to be attached to the information. There is no merit in such contention. The court qualifies the bill by stating that the information was based on a valid complaint, which was on file among the papers in the cause, and said complaint is found in the transcript.

No error appears from the record. The judgment is affirmed.